IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| FLOYD DELOACH, JR., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> Lt. EUGENE BELL, and Det. ALAN GITSCH, : <br> : <br> Defendants. : <br> : | Civil Action File No. <br> **7:06-CV-97 (HL)** |

**ORDER**

Presently pending in this *pro se* prisoner 42 U.S.C. §1983 action is Defendants' Motion for Summary Judgment (doc. 20). Plaintiff was advised of the filing and the importance of filing a response thereto (doc. 25); however, Plaintiff has failed to file any response to the motion at all. According to Plaintiff's complaint (doc. 1), he was falsely arrested for sale of cocaine by Defendants, who at all times relevant to this action were detectives with the Valdosta Police Department.

**I. FACTS**

According to the affidavits of Defendants, on November 18, 2005, members of the Valdosta Police Department conducted an undercover drug buy at 758 South Troup Street, Valdosta, Georgia. (Girsch Aff., 4-8; Bell Aff., 4-9). Defendant Eugene Bell was the undercover officer. (Girsch Aff., 5; Bell Aff., 4). At the time, Defendant Bell was a Lieutenant in the department. (Girsch Aff., 5; Bell Aff., 3). Lt. Bell was equipped with an audio transmitter and video recording

equipment. (Girsch Aff., 6; Bell Aff., 5). When Lt. Bell arrived, he noticed two males on the

front porch of the residence. (Girsch Aff., 8; Bell Aff., 9-10). The two males were Jerome Lockhart and Plaintiff. (Girsch Aff., 8; Bell Aff., 13 & 16). Lt. Bell asked whether they had any marijuana. (Girsch Aff., 8; Bell Aff., 12). Mr. Lockhart responded no. (Girsch Aff., 8; Bell Aff., 13). Lt. Bell then asked if they had any "hard," slang for crack cocaine. (Girsch Aff., 9; Bell Aff., 14). Mr. Lockhart indicated that they did and Lt. Bell then pulled into the driveway of the residence. (Girsch Aff., 9; Bell Aff., 15).

Plaintiff approached Lt. Bell's vehicle and asked how much he wanted. (Girsch Aff., 11; Bell Aff., 20-21). Lt. Bell responded that he wanted "twenty". (Girsch Aff., 11; Bell Aff., 22). Plaintiff and Mr. Lockhart then walked around the corner of the residence. (Girsch Aff., 12; Bell Aff., 23-24). Plaintiff then approached again, presented Lt. Bell with two pieces of crack cocaine and asked if he had twenty five dollars. (Girsch Aff., 13; Bell Aff., 32-36). Lt. Bell stated that he only had twenty. (Girsch Aff., 14; Bell Aff., 36). Plaintiff then exchanged one piece of cocaine for a twenty dollar bill, serial number CL 3369408A. (Girsch Aff., 15; Bell Aff., 38). After the exchange, Plaintiff asked Lt. Bell, "you want to hit a piece." (Girsch Aff., 16; Bell Aff., 39). Lt. Bell declined and then gave a code word in his microphone to signal to other officers that the transaction was complete. (Girsch Aff., 17; Bell Aff., 40). Valdosta Police units arrived and arrested Mr. Lockhart and Plaintiff. (Girsch Aff., 17; Bell Aff., 41).

During a search incident to arrest by Detective Charles Hamrick, the twenty dollar bill, serial number CL 3369408A, was found in Plaintiff's left front pocket. (Girsch Aff., 18). Detective Hamrick also found a "crack pipe" and wire mesh (crack pipe filter material) in Plaintiff's pockets as well. (Girsch Aff., 19). Plaintiff was subsequently taken to jail. On November 21, 2007, Defendant Girsch completed a warrant application and presented same to

the Hon. Elizabeth Cleveland, Lowndes County Magistrate Judge. (Exhibit "D"). After hearing the facts of the case, Judge Cleveland signed the warrant. (Exhibit "D"). Additionally, on January 27, 2006, the September 2005 Lowndes County Grand Jury returned an indictment against Plaintiff charging him with a violation of O.C.G.A. § 16-13-30. (Exhibit "A"). Plaintiff pled guilty to this charge on September 3, 2006, and was sentenced to seven years on November 3, 2006. (Exhibit "A"). Plaintiff's sentence and conviction have not been overturned.

## II. Summary Judgment Standard

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986)). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-08 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a defendant public official, however, when the plaintiff "fails to make a showing sufficient to

establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 322-23. Thus, under such circumstances, the defendant public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

## III. DISCUSSION

The Fourth Amendment prohibits arrests without probable cause. In the context of a Fourth Amendment analysis, it is enough if an officer had arguable probable cause, or facts upon which a police officer reasonably could have believed that probable cause existed. Montoute v. Carr, 114 F.3d 181, 181 (11th Cir. 1997).

Here, Defendants assert that they are entitled to qualified immunity. When an officer asserts qualified immunity, the issue is not whether probable cause existed, but whether the officer had arguable probable cause to arrest. Jones v. Cannon, 174 F.3d 1271, 1283 (11th Cir. 1999) ("An arrest without probable cause is unconstitutional, but officers who make such an arrest are entitled to qualified immunity if there was arguable probable cause for the arrest."); Moore v. Gwinnett County, 967 F.2d 1495, 1497 (11th Cir. 1992). "Arguable probable cause, not the higher standard of actual probable cause, governs the qualified immunity inquiry." Jones, 174 F.3d at 1283 n.3.

The doctrine of qualified immunity was established by the United States Supreme Court in

Harlow v. Fitzgerald, 457 U.S. 800 (1992).  There, the Court held that a complaint must be dismissed whenever a defendant asserts the defense of qualified immunity unless the plaintiff is able to demonstrate that the legal norms allegedly violated by the defendant were violations of clearly established constitutional rights.  See id. at 817.  In fact, the Eleventh Circuit has provided more guidance in another § 1983 case in stating that qualified immunity can be stripped only when all reasonable government actors in the defendant's place would know that the discretionary conduct in question violated federal law.  Adams v. Poag, 61 F.3d 1537 (11th Cir. 1996).

Once properly asserted, there is entitlement to qualified immunity if either (1) the applicable law was not clearly established at the time of the alleged violation, or (2) plaintiff fails to demonstrate the existence of genuine issues of material fact as to whether the official's actions violated the clearly established law.  Rich v. Dollar, 841 F.2d 1558, 1564 (11th Cir. 1988).  The Eleventh Circuit has held that in order to overcome the defense of qualified immunity, the plaintiff "must show that defendants violated [plaintiff's] clearly established federal rights and that every reasonable officer faced with the circumstances facing these defendants would have known that defendants' acts were unlawful."  Hansen v. Soldenwagner, 19 F.3d 573, 575 (11th Cir. 1994).

That means the question here is whether Plaintiff has convinced the court that at the time defendants arrested plaintiff for sale of cocaine no officer reasonably could have believed that plaintiff had committed the crime of sale of cocaine.  See Montoute, 114 F.3d at 184.  Qualified immunity shields officers from suit if "a reasonable officer could have believed [the arrest] to be lawful, in light of clearly established law and the information the officers possessed."  Anderson

v. Creighton, 483 U.S. 635, 641 (1987).  This standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law."  Malley v. Briggs, 475 U.S. 335, 343 (1986).

The Constitution does not guarantee that only the guilty will be arrested.  If it did, § 1983 would provide a cause of action for every defendant acquitted--indeed, for every suspect released.  "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person."  Baker v. McCollan, 443 U.S. 137, 145 (1979).   The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury.  Id. at 146.  Just as "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," Estelle v. Gamble, 429 U.S. 97, 106 (1976), false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official.  Baker, 443 U.S. at 146.

In this case, there is ample arguable probable cause for Plaintiff's arrest, as one of the Defendants, acting undercover, did in fact purchase crack cocaine from Plaintiff directly.  In his complaint, Plaintiff alleges that he was not the subject of the surveillance or the undercover operation, and therefore he should not have been the one arrested.  That argument is without merit since Plaintiff is the one who actually made the sale.  Plaintiff has failed to counter the evidence as provided by Defendants in any way.  Many of the claims made by Plaintiff in his complaint are merely conclusory or are perhaps more appropriately made in the context of an appeal or petition for *habeas corpus* relief.   Plaintiff failed to specifically respond to Defendants' motion for summary judgment.

**IV. CONCLUSION**

Consequently it is the ORDER of the court that Defendants' Motion for Summary Judgment (doc. 20) be **GRANTED**.

SO ORDERED, this 31st day of March, 2008.

/s/ ***Hugh Lawson***
HUGH LAWSON, JUDGE
UNITED STATES DISTRICT COURT